## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. ROMAN THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-14-874-D |
| | ) | |
| 1. FOUNTAINS CANTERBURY SL, LLC, d/b/a THE FOUNTAINS AT CANTERBURY, and | ) ) ) | |
| 2. WATERMARK SERVICES IV, LLC, a/k/a WATERMARK RETIREMENT COMMUNITIES, INC., a/k/a WATERMARK RETIREMENT COMMUNITIES & AFFILIATES, | ) ) ) ) ) ) | |
| | ) | **Jury Trial Demanded** |
| Defendants. | ) | **Attorney Lien Claimed** |

## COMPLAINT

**COMES NOW THE PLAINTIFF**, Roman Thompson, and for his causes of action against the Defendants would herein allege and state as follows:

## PARTIES

1. The Plaintiff is Roman Thompson, is an adult male residing in Oklahoma County, Oklahoma.

2. The Defendants are:

A. Fountains Canterbury SL, LLC, d/b/a The Fountains at Canterbury (hereinafter "the Fountains"), an entity conducting business in Oklahoma County, Oklahoma; and

B. Watermark Services IV, LLC, a/k/a Watermark Retirement Communities, Inc., a/k/a Watermark Retirement Communities and Affiliates (hereinafter "Watermark"), an entity conducting business in Oklahoma County, Oklahoma.

**JURISDICTION AND VENUE**

3.  This is a cause of action arising out of Plaintiff's former employment with Defendants and is based on the following claims: (1) violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 in the form of race discrimination, the creation of a racially hostile work environment, and retaliation for complaining of racism; and (2) violation of Title VII of the Civil Rights Act of 1964 in the form of the creation of a sexually hostile work environment and retaliation for complaining of the same.

4.  Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331.

5.  Plaintiff has exhausted his administrative remedies as to the above-listed claims by timely filing Charges of Discrimination with the EEOC on or about March 31, 2014, then filing Amended Charges on or about June 13, 2014. His Notice of Right to Sue from the EEOC related to his Charge against the Fountains is dated July 1, 2014, and his Notice of Right to Sue from the EEOC related to his Charge against Watermark is dated July 30, 2014, both which Plaintiff received thereafter by mail. He has timely filed his Complaint within ninety (90) days from his receipt of the same.

6.  The Defendants are located in Oklahoma County and can be served in such county. All acts complained of herein occurred in Oklahoma County. Oklahoma County is located within the Western District for the United States District Courts of Oklahoma, wherefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

**STATEMENT OF FACTS**

7.  Plaintiff, a Black male, began his employment with Defendants in or around February 2013 as a Certified Nursing Assistant ("CNA").

8.  During his employment, Plaintiff reported to CNA Supervisor Mary Shrum, a White female.

9. In or around the Spring of 2013, Plaintiff was sexually harassed by a resident's family member. Particularly, this male family member made inappropriate, unwelcome and offensive sexual comments to Plaintiff and other male employees. More specifically, he followed Plaintiff around and would wait for him in the hall while Plaintiff completed his job duties in resident's rooms. Additionally, he propositioned Plaintiff for sexual favors and offered to meet him after or before Plaintiff's shifts.

10. Following one of Plaintiff's shifts, he reported the sexually hostile work environment and harassment to Shrum by text message. Shrum stated that she would look into the issue. And, the following day, Plaintiff provided Shrum with a written letter detailing the harassment and hostile work environment.

11. According to Defendants, Shrum spoke with one of the harasser's family members about his sexually inappropriate behavior and was told that the man acted in that manner due to medication he was taking. When Plaintiff requested that the family member no longer be allowed on the Defendants' premises, Shrum stated that she refused to tell the man that he could no longer be at the facility, as he had been visiting for over eight (8) years.

12. In or around the Summer of 2013, the family member came to the premises on two (2) consecutive days. Plaintiff was told by his co-workers that the harasser had been looking for him and asking when he worked. Plaintiff had not been at work those days.

13. In or around July 2013, Plaintiff again reported the harasser's inappropriate sexual behavior to Shrum and Human Resources Director Wanda Smith. Plaintiff's co-worker, CNA Demetrius Bostic, also reported the man's unlawful sexual behavior toward Bostic, which included following him and propositioning him for sexual acts. Shrum and Smith told Plaintiff and Bostic that the man had been happily married for 51 years, and they did not want to break up a marriage. Plaintiff was then told by a co-worker that Shrum had

stated that in order for her to take action against the man, Plaintiff would need proof of the harassment, such as video evidence.

14. Plaintiff then reported the sexual harassment to Scott Steinmetz, Director of the facility. Steinmetz said he would look into it.

15. In addition to the sexually hostile work environment, throughout Plaintiff's employment, he was also subjected to racial slurs and less favorable treatment by several of Defendants' residents. Particularly, they would frequently refer to Black employees as "Black boys" and "nigg***." When Plaintiff reported the racially derogatory conduct to Shrum, no corrective action was taken. In fact, on one occasion, Plaintiff was forced to restrain a combative client who used racial slurs for over four (4) hours due to severe under-staffing by Defendants.

16. Due to the severe and pervasive sexual and racial harassment, Plaintiff was forced out of his position in or around August 2013.

17. As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries described hereafter.

## COUNT I - 42 U.S.C. § 1981

For his first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

18. The matters alleged above constitute violations of 42 U.S.C. § 1981 in the nature of race discrimination, racially hostile work environment, and retaliation.

19. As damages, Plaintiff has suffered lost earnings, past and future, and emotional distress.

20. Because the actions of the Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided

by the Civil Rights Act of 1991 and by 42 U.S.C. §1981.

## COUNT II: Title VII (Race and Retaliation)

For his second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

21. The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964, in the nature of race discrimination, racially hostile work environment, and retaliation.

22. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

23. Because the actions of the Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991 and by 42 U.S.C. §1981.

## COUNT III: Title VII (Gender and Retaliation)

For his third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

24. The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964, due to the creation of a sexually hostile work environment and retaliation for his complaints of the same.

25. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

26. Because the actions of the Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided

by the Civil Rights Act of 1991 and by 42 U.S.C. §1981.

## **PRAYER**

**WHEREFORE THE PLAINTIFF** prays that this Court enter judgment in favor of the Plaintiff and against the Defendants and award actual damages, compensatory damages, liquidated damages, and punitive damages, together with any appropriate equitable relief, pre- and post-judgment interest, costs and attorney's fees.

**RESPECTFULLY SUBMITTED THIS 15th DAY OF AUGUST, 2014.**

s/Jana B. Leonard
JANA B. LEONARD, OBA# 17844
EMILY VAN VOLKINBURG, OBA# 31744
LEONARD & ASSOCIATES, P.L.L.C.
8265 S. WALKER
OKLAHOMA CITY, OK 73139
(405) 239-3800      (telephone)
(405) 239-3801      (facsimile)
leonardjb@leonardlaw.net
emilyv@leonardlaw.net

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED